IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-02324-RBJ

HECTOR BRACAMONTES,
FELIPE CORRALES-GUERRERO,
ADRIAN DAVILA,
DENNIS GARCIA,
JUAN GARCIA,
ARTURO GARCIA-MARTINEZ,
RUBEN GARCIA-PONCE,
CARLOS HERRERA,
LUIS MARTINEZ,
HECTOR PAREDES-RAMIREZ,
AARON PAYAN,
EZEQUIEL PEREZ,
SAMUEL ROMO,
GERARDO SANDOVAL,
MANUEL SANDOVAL, and
WILIAN VELASQUEZ, individually and on behalf of all others similarly situated,

     Plaintiffs,

v.

BIMBO BAKERIES U.S.A. Inc.,

     Defendant.

## ORDER

On July 19, 2017 the Court conditionally certified a collective action in this case. ECF No. 104. As part of that order, I denied plaintiffs' proposed notice and consent form and process for the collective action without prejudice. *Id.* at 8. Instead, I instructed the parties to confer and attempt to stipulate to those outstanding issues within ten days. *Id.* On July 31, 2017 both parties notified the Court that they were able to resolve many of these issues but that a few

disputes remained. ECF Nos. 106–07. The parties accordingly briefed their positions with respect to these remaining disputed issues. *See id.* I now decide them in turn.

### I. Notice Should be Given Only to Drivers of Defendant's Vehicles that Potentially Have a GVWR of 10,000 Pounds or Less During the Relevant Time Period.

First, I agree with defendant that notice of this collective action must only be given to the route sales representatives ("RSRs") that drove trucks for defendant that potentially had a gross vehicle weight rating ("GVWR") of 10,000 pounds or less. Per my prior order, these are the only employees of defendant's who potentially have a claim in this Fair Labor Standards Act ("FLSA") collective action and are therefore the only of defendant's employees deserving of notice. *See* ECF No. 102 at 6–10 (discussing the Motor Carrier Act ("MCA") exemption to the FLSA and the Small Vehicle Exception to that exemption); *Oldershaw v. DaVita Healthcare Partners, Inc.*, No. 15-CV-01964-MSK-NYW, 2017 WL 2391061, at *3 (D. Colo. June 1, 2017) (explaining that the purpose of notice to employees after conditional certification of a collective action "is to alert *potentially* aggrieved individuals that they can join the lawsuit by filing a written consent") (emphasis added). Plaintiffs' suggestion of giving notice to *all* of defendant's RSRs in Colorado to only then dismiss numerous of these employees after they opt-in is, by contrast, unnecessarily complicated.

The Court nevertheless recognizes that there remains a dispute over the exact GVWR of some of defendant's vehicles. However, the parties do not appear to dispute that some of defendant's trucks had a GVWR in excess of 10,000 pounds during the relevant time period (disqualifying their drivers from the FLSA's overtime requirement under the MCA exemption) or that some had GVWR ratings of exactly 10,000 pounds at some point during this period (potentially qualifying their drivers for FLSA protections under the Small Vehicle Exception). What's more, defendant represents to the Court that it has accurate data concerning which of its

employees drove which vehicles. ECF No. 106 at 2. Accordingly, the Court instructs the parties to work together to use defendant's data to identify and notify only those individuals driving these potentially qualifying trucks in Colorado.[1]

### II. The Court will Equitably Toll the Statute of Limitations and Allow for Notice to Apply to Claims Dating Back to the Date Plaintiffs Moved for Conditional Certification (i.e., January 3, 2015).

Per the Court's prior order, a two-year statute of limitations applies in this case. ECF No. 102 at 14. Typically, this limitations period would run until the date a putative plaintiff opts in, meaning that notice should only be given to potential plaintiffs who, at the earliest, met the relevant criteria two years before the date that notice will issue. *See* 29 U.S.C. § 256; *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1180 (D. Colo. 2012) (explaining that an opt-in plaintiff's claim "commences" on the date the plaintiff files written consent). However, there is also ample authority allowing courts to equitably toll the applicable statute of limitations for a variety of reasons in FLSA cases. *See Collins v. Dkl Ventures, LLC*, No. 16-CV-00070-MSK-KMT, 2016 WL 852880, at *3 (D. Colo. Mar. 4, 2016) (discussing the relevant authority).

Because of the Court's delay in getting to plaintiffs' motion for conditional certification, which was filed back in January of 2017 but only decided last month, I find that it is appropriate to toll the statute of limitations in this case so that the opt-in plaintiffs' claims would not be diminished "due to circumstances beyond their direct control[.]" *See Stransky*, 868 F. Supp. 2d at 1182. Accordingly, I find that notice should be sent to the specific subset of RSRs noted above who worked in Colorado for defendant between January 3, 2015 and present.

---

[1] Plaintiffs point out that defendant has either represented in the past that it does not have access to this kind of data or that it has thus far refused to share such data with them. *See* ECF No. 107 at 4; ECF No. 107-2 at 77:22–78:10, 81:17–82:4. The Court has little information on how defendant's databases work but nonetheless trusts that defendant would not misrepresent to the Court that it now has access to the data needed to complete this process. To the extent defendant is uncooperative with sharing this data or does not actually have accurate data, plaintiffs should notify the Court so that it can take appropriate action. However, I am hopeful it will not come to that.

### III. A 60-Day Opt-In Period is Appropriate.

Next, I find that 60-day opt-in period, rather than a 45-day or 90-day period, is appropriate here.  Although plaintiffs provide a recent example of my colleague, Judge Krieger, approving a 90-day opt-in period, see ECF No. 107-3, with defendant's database the process for notifying potential opt-in plaintiffs in this case will be somewhat streamlined.  Accordingly, because defendant states that it does not object to a 60-day period rather than its preferred 45-day period, ECF No. 106 at 4, I find that 60 days will provide potential opt-in plaintiffs with plenty of time to make a decision and respond accordingly.

### IV. Defendant's Remaining Requests.

Finally, I find defendant's remaining requests modifying language it finds misleading within plaintiffs' proposed notice and consent forms should be reflected in the final document. *See* ECF No. 106 at 5.  These changes are minor but nevertheless help to provide potential opt-in plaintiffs with a more accurate explanation of the collective action process.  Similarly, the Court agrees that because the parties have already decided to use a third-party claims administrator that completed consent forms should be returned directly to that administrator rather than plaintiffs' counsels' law firm.  Accordingly, subject to the tolling of the statute of limitations discussed above and the longer opt-in period than defendant had requested, the Court approves defendant's proposed notice and consent forms for use in this collective action [ECF No. 106-1].

DATED this 3rd day of August, 2017.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge