IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 15-cv-02324-RBJ

HECTOR BRACAMONTES,
FELIPE CORRALES-GUERRERO,
ADRIAN DAVILA,
DENNIS GARCIA,
JUAN GARCIA,
ARTURO GARCIA-MARTINEZ,
RUBEN GARCIA-PONCE,
CARLOS HERRERA,
LUIS MARTINEZ,
HECTOR PAREDES-RAMIREZ,
AARON PAYAN,
EZEQUIEL PEREZ,
SAMUEL ROMO,
GERARDO SANDOVAL,
MANUEL SANDOVAL, and
WILIAN VELASQUEZ, individually and on behalf of all others similarly situated,

    Plaintiffs,
v.

BIMBO BAKERIES U.S.A. Inc.,

    Defendant.

---

ORDER re MOTION TO STRIKE DEFENSE

---

This order addresses a discovery dispute that has been simmering for months and has been addressed several times by the Court in telephone hearings with counsel. Some background is necessary.

Plaintiffs are truck drivers who deliver defendant's bakery products to retail grocery stores. They claim that under the Fair Labor Standards Act they should be receiving compensation for their overtime hours. The Court has conditionally certified this case as a

1

collective action on behalf of "Route Sales Representatives" (defendant's job title for the plaintiffs) who worked for defendant in Colorado between January 5, 2015 and the present, and drove qualifying trucks, and will have completed and returned a "consent to join" (opt in) form. *See* Orders of July 19 and August 3, 2017, ECF Nos. 104 and 108.

The defendant has numerous defenses, one of which is an "outside sales" affirmative defense. Simply stated, an employee employed in the capacity of an outside salesman is exempt from the FLSA's minimum wage requirements. Defendant claims that plaintiffs do more than deliver goods and stock shelves. They are expected to attempt to sell additional product to the stores, and hence, they are covered by the outside sales defense.

Plaintiffs maintain that there are specific sales personnel who do the active selling, and that classifying the drivers as outside salesmen is a ruse to avoid the minimum wage laws. Naturally, they want to know what support defendant has for its outside sales defense, including documents in the defendant's files. But two roadblocks emerged. First, the defendant insisted that plaintiffs never submitted formal requests for the information, leaving only the defendant's Rule 26(a)(1)(A)(ii) obligation to disclose the documents that it might use to support its defense. As there are no documents that defendant expected to use to support the outside sales defense, there was nothing to disclose. But, second, the defendant consistently maintained that it had no documents concerning drivers' sales activities other than voluminous records of drivers' daily deliveries that do not distinguish any product that the driver might have sold on his own.

The Court mooted the procedural issue by ordering that any documents in the defendant's possession, custody or control that are relevant to the outside sales defense be produced. Nevertheless, counsel informed the Court and the plaintiffs that they had been assured by their

client that the defendant had nothing to produce. *See* Transcripts of telephone discovery conferences held on April 3 and May 15, 2017. ECF Nos. 74 and 87.

The plaintiffs, however, were not convinced. They questioned defendant's representatives in depositions about documents that might relate to the defense, and they believed they struck gold. During the May 15, 2017 telephone discovery conference plaintiffs advised the Court in general terms of potentially relevant documents they believed the defendant does possess based on deposition testimony. *See* Transcript, ECF No. 87, at 3-5. Defense counsel disputed plaintiffs' characterization of the deposition testimony. *Id.* at 6-7.[1]

The bottom line was that still nothing had been produced as of the May 15, 2017 hearing. The Court ordered that defendant produce any training videos, training seminar materials, training brochures, training documents of any kind that touched on training drivers to be salespeople, and employee handbooks. *Id.* at 8. The Court repeated that "if that's going to be a defense in this case, then you've got to produce what your client has that shows that these people are deemed and considered and trained to be salespeople. And if there are no such materials, I will assume that they're not salespeople." *Id.* at 8-9.

---

[1] At the Court's request the parties submitted excerpts of deposition testimony have since been submitted by both sides. *See* ECF Nos. 80 and 91. Plaintiffs' Rule 30(b)(6) deposition of the defendant via its representative Fernando Guadarrama generated some discussion of training materials and sales reports. *See* ECF No. 80 at 2-4. Defendant counters that Mr. Guadarrama did not say that sales training materials were provided to RSRs. ECF No. 91 at 4. Plaintiffs' deposition of Wayde Laudermilk, defendant's Marketing Sales Leader, generated discussion of drivers' obligation to promote products that defendant put on sale in a given week. ECF No. 80 at 4-5. He also testified that the defendant has an employee handbook. *Id.* at 5. Defense counsel later clarified that there is no handbook for RSRs as such, but the collection of policies and procedures that were produced on June 14, 2017 amount to a "handbook." ECF No. 100-2 at 1. District Manager Ramon Cereceres testified that there are documents that show how much a salesperson assigned to a particular route sold per week, and he provided additional information about "sales classes." *Id.* at 5-6. Plaintiff Mark Jordan was deposed by the defendant and testified about "sales planners." *Id.* at 7-8. The depositions did support plaintiffs' belief that at least at one time defendant possessed documents relevant to the outside sales defense, although as I note later in this order, the primary relevance might be what the documents eventually produced do not show.

3

The gist of the pending motion is that when defendant finally produced documents on June 14, 2017, it gave lie to the repeated assurances that no relevant documents existed. Thus, plaintiffs want the Court either to strike the defense as a sanction or to issue an order to show cause as to why defendant failed to produce the documents earlier. ECF No. 100 at 2.

Having now reviewed the documents, which have been attached as exhibits to plaintiff's motion, I find that they are a bit of an anticlimax. There are snippets here and there that could be construed as indicative of a promotional or sales role by the drivers. For example, item 23 in a list of 28 items in Bimbo Bakeries' "Sales Policies" vaguely states, "It is the responsibility of the RSR to sell promotions at the store level. Displays must have proper P.O.P. and price signs." ECF No. 100-3 at 2. Mr. Meza's "Sales Seminar" is obviously sales-oriented, although it is unclear whether it was created for drivers or used to train drivers to be salesmen as opposed, for example, to emphasizing the importance of promoting the company's products and providing good customer service. *See* ECF No. 100-5 at 8-40, ECF No. 100-5 at 1-39, ECF No. 100-7 at 1-20. In any event, counsel represents that Mr. Meza "has not conducted this training for RSRs in Colorado since before 2010 and has not located a version that was used in Colorado. ECF No. 100-2 at 1.[2] Indeed, counsel represents that the documents produced on June 14, 2017 were used in Colorado during the January 15, 2015 to present period. *Id.* at 2.

Should these documents have been produced earlier in the case? Yes. They were within the scope of the Court's orders to produce, regardless whether they were in fact used in Colorado in the time period that has subsequently been determined by the Court to be the relevant time period for collective action purposes. The documents bear on whether defendant ever had written policies supportive of its outside sales defense and, if so, what those policies were.

---

[2] There are videos embedded in the Meza presentation that were produced on a flash drive but which the Court has not seen. *See* ECF No. 100-2 at 1.

Moreover, one cannot dismiss the relevance of the documents for what they do not show, i.e., there appears to be relatively little emphasis in the company's written policies and procedures on drivers' acting as outside salesmen. It should not have been like "pulling teeth" to obtain these documents.

As a sanction, the Court awards reasonable attorney's fees for the time necessarily spent by plaintiffs' counsel in obtaining the documents after defense counsel first informed them that defendant had no documents to produce. In addition, the Court precludes the defendant from using or referring to any of the documents produced on June 14, 2017 during the trial unless they are first used by the plaintiffs. However, I find that that the requested sanction of striking the defense would be excessive in the circumstances. It is conceivable in the circumstances that defendant's personnel and counsel genuinely, though mistakenly, failed to appreciate the possible relevance of the documents and, therefore, that they failed to recognize their discovery obligation with respect to them.

**ORDER**

Plaintiff's motion to strike defendant's outside sales defense, etc., ECF No. 100, is GRANTED in PART and DENIED in PART, consistent with the findings and conclusions expressed in this order.

DATED this 19th day of October, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge